IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| **Anne Nicholson**, | C/A 2:12-2779-PMD-BM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Science Applications International Corporation d/b/a SAIC**, | |
| Defendant. | |

This action has been filed by the Plaintiff, a former employee of the Defendant Science Applications International Corporation, asserting claims of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; the South Carolina Human Affairs Law (SCHAL), S.C. Code Ann. § 1-13-90, et seq.; and 42 U.S.C. § 1981. Plaintiff also asserts a separate state law claim for breach of contract.

On October 30, 2012, the Defendant filed a motion pursuant to Rule 12, Fed.R.Civ.P., to dismiss Plaintiff's cause of action for breach of contract. In this motion, Defendant asserts that Plaintiff has failed to alleged sufficient facts to state a plausible claim that a contract for employment existed between the parties or to establish the breach of any contract of employment. The requisite time for Plaintiff to respond to Defendant's motion has now expired, with Plaintiff having failed to



filed any opposition to the Defendant's motion. For the reasons set forth hereinbelow, the Defendant's motion should be granted.

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). However, with respect to employment there is a presumption in South Carolina that employees are at-will, and therefore in order to survive a Rule 12 Motion to Dismiss on a claim for breach of a contract of employment, a Plaintiff must "plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . .". Perrine v. G4S Solutions (USA), Inc., No. 11-1210, 2011 WL 3563110, at * 2 (D.S.C. Aug. 9, 2011)["[T]here is a presumption in South Carolina that employees are at-will, and in order to survive a Rule 12 motion to dismiss on a claim for breach of a contract of employment, a Plaintiff must 'plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . .'"], quoting Amason v. P. K. Management, LLC, No. 10-1752, 2011 WL 1100169, at * 6 (D.S.C. Mar. 23, 2011); see also Prescott v. Farmer's Tel. Co-Op., Inc., 516 S.E.2d 923, 927, n. 8 (S.C. 1999)[In South Carolina, "there is a presumption of at-will employment']. Plaintiff has failed to do so.

Plaintiff alleges in her Complaint that she began working for the Defendant in or around December 2008, and that she and the Defendant "entered into a contract whereby the Defendant[] employed the plaintiff to work". Plaintiff further alleges that she "executed various



documents including, but not limited to, an Employee Handbook, which constituted a contract of employment", and that she thereafter "entered on the performance of the contract of employment . . . . [and] was efficient and effective in her work". Complaint, ¶ ¶ 11-15. Plaintiff then alleges that she began to be discriminated against because of her gender and her race, including being passed over for promotion, and that she was retaliated against and subjected to a hostile work environment after she reported acts of discrimination and inappropriate behavior. Plaintiff alleges that she was then wrongfully discharged on or about January 24, 2011 as a result of reporting the discrimination and hostile work environment. Id., ¶ ¶ 16, 18, 20-23, 25.

In her Fourth Cause of Action for Breach of Contract, Plaintiff again alleges that "[i]n or around December 2008" she and the Defendant "entered into a contract whereby the Defendant employed the Plaintiff to work". Plaintiff also alleges that the Defendant had a handbook in place which used mandatory language creating a contractual agreement between the Plaintiff and Defendant for employment, and which did not contain a "conspicuous disclaimer" that the Handbook did not create a contract for employment. Plaintiff also alleges she signed "a number of documents when she was hired, constituting a contract of employment", and that although she fully performed her contractual obligations she was terminated in breach of her employment contract. Id., ¶ ¶ 72-78. Plaintiff has attached a copy of the Defendant's Employee Handbook to her Complaint as Exhibit A,[1] and seeks monetary damages for this claim.

---

[1] In addition to factual allegations of the Complaint, the Court may also consider as part of the review of a 12(b) motion any document that is "integral to and explicitly relied on in the complaint." Phillips v. LCI International, Inc., 190 F.3d 609, 618 (4th Cir. 1999); Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). Therefore, the Court can consider the Employee Handbook attached to the Complaint when evaluating the merits of Defendant's Rule 12
(continued...)



As noted, Defendant contends that Plaintiff's allegations are not sufficient to establish a plausible claim that a contract of employment existed between the parties, that there is also nothing in the Employee Handbook which creates a contract of employment, and that this cause of action should therefore be dismissed. The undersigned is constrained to agree. First, the allegations of the Complaint are not themselves sufficient to set forth a plausible claim that a contract of employment existed between the parties. Rather, Plaintiff has only alleged in very general and conclusory terms that she "entered into a contract" with the Defendant, executed various [unspecified] documents which constituted a contract of employment, and that the Defendant had an Employee Handbook which used "mandatory language creating a contractual agreement". Such general and conclusory allegations are not sufficient to establish the existence of an employment contact. Perrine, 2011 WL 3563110, at * 2 [In order to survive a Rule 12 motion to dismiss on a claim for breach of a contract of employment, a Plaintiff must "plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Conclusory allegations insufficient to maintain claim]; see also Frey v. City of Herculaneum, 44 F.3d at 671 ["Complaint must contain facts which state a claim as a matter of

---

[1](...continued)
motion to dismiss. White v. VNA Homecare, Inc., No. 11-971, 2012 WL 1435432 at * 1 n. 1 (S.D.Ill. Apr. 25, 2012)[Finding that since the handbook is a document referenced in plaintiff's complaint and is central to her claim, the court can consider it on Defendant's 12(b)(6) motion to dismiss]; cf. McClurkin v. Champion Laboratories, Inc., No. 11-2401, 2011 WL 5402970 at * 2 (D.S.C. Nov. 8, 2011)[Attachment by Defendant of employee handbook did not convert motion to dismiss to a summary judgment motion where Plaintiff referred to employee handbook in her complaint]; see also Smith v. McAlister-Smith Funeral Home, Inc., No. 11-3281, 2012 WL 4378185 at * 3 (D.S.C. Sept. 25, 2012)[Holding that where Plaintiff neither attached or referenced the employee handbook in his operative complaint, the court could not consider the employee handbook that Plaintiff attached to his memorandum in opposition to the motion to dismiss, his objection to the Report and Recommendation, and his improperly filed amended complaint].



law and must not be conclusory"].

With respect to the Employee Handbook, as examples of "mandatory language" creating a contract, Plaintiff alleges that the employee handbook required all employees to complete a time sheet for each pay period, to immediately report any illnesses or injury, that employees had to maintain a valid driver's license, and that employees were required to wear company issued identification badges, among other requirements. Complaint, ¶ 76. However, these allegations do not establish the existence of an employment contract, as any job is going to involve an offer (by the employer) and acceptance (by the employee), as well as the general terms of the employment such as when the employee is to report to work, work requirements, starting salary, etc. That does not mean that Plaintiff had a "contract" for employment. Francis, et al, v. Giacomelli, No. 08-1908, (4th Cir. Dec 2, 2009) [Plausibility standard met where the Plaintiff "articulate[s] facts , when accepted as true," that state a plausibility of entitlement to relief]; Frey v. City of Herculaneum, 44 F.3d at 671 ["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"]. Plaintiff has not alleged that she was hired to work for a definite term or that her obtaining a job with the Defendant had any other indices of a contract of employment, such as buyout provisions, right to severance pay, etc. Cf. Wadford v. Hartford Fire Ins. Co., No. 87-2872, 1988 WL 492127 at *5 (D.S.C. 1988) ["A review of the relevant authorities... reveals that a policy or representation must limit the duration of employment or the employer's right to terminate employment in order to alter at-will status. Other terms and conditions of employment, including pay, benefits, job duties, or location of performance may be changed prospectively by either party without violating an employment contract with an indefinite term."]. While Plaintiff is correct that an employer can alter



an employee's at-will status through mandatory language in a handbook; cf. Grant v. Mount Vernon Mills, Inc., 634 S.E.2d 15, 20 (S.C.Ct.App. 2006); the language Plaintiff cites in her Complaint from the Employee Handbook does not create a genuine issue of fact as to whether the at-will employment relationship was altered by that language. See Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.].

Further, while the disclaimer language in the handbook at issue[2] arguably does not meet the definition for being "conspicuous" under S.C.Code Ann. § 41-1-110, the handbook does include a disclaimer on its first page.[3] Even assuming for purposes of Defendant's motion to dismiss that the disclaimer in its Handbook was not *conspicuous*, since it was not in bold type, this does not establish that a contract of employment existed. While a conspicuous disclaimer would be significant in light of S.C.Code Ann. § 41-1-110, it is not required if the Handbook otherwise does not contain mandatory language sufficient to alter the presumption in South Carolina of an at-will employee relationship. Cf. Grant, 634 S.E.2d at 20 (S.C.Ct.App. 2006); Westmoreland v. AB

---

[2]Defendant has not disputed that the Handbook attached to Plaintiff's is its employee handbook.

[3]This disclaimer reads, in part:

> Employment with [the Defendant] is "at-will". The Company or the employee may terminate the employment relationship at any time or for any reason. Moreover, nothing in this Handbook constitutes an express or implied contract of employment or warranty of benefits.



Beverage Co., Inc., No. 05-3475, 2007 WL 274950 at * 13 (D.S.C. Sept. 20, 2007). As previously noted, Plaintiff has failed to allege in her Complaint language from the Employee Handbook sufficient to establish a plausible claim that her at-will employment relationship was altered by any such language; rather, she simply alleges that the Handbook used "mandatory language creating a contractual agreement", and then cites some language from the Handbook which the undersigned has already found not to be sufficient to alter the at-will employment relationship. See Complaint, ¶ ¶ 73-78; Iqbal, 129 S.Ct. at 1949-1950 ["[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"].

Additionally, the alleged breach of contract set forth in the Complaint clearly relates to the non-discrimination policy set forth on page 3 of the Handbook, wherein the Defendant sets forth its equal employment policy and that discriminatory conduct is prohibited. See Court Docket No. 1-1, p. 7. However, the cited language is typical of anti-discrimination language found in most employee handbooks, and has routinely been held not to, by itself, constitute a contract. Cf. Ford v. Musashi S.C., Inc., No. 07-3734, 2008 WL 4414385 (D.S.C. Sept. 23, 2008), adopting in part and denying in part, 2008 WL 4414497, at * 3 (D.S.C. July 11, 2008)["[U]nder South Carolina law where an employee handbook provides a general policy statement of nondiscrimination such a 'provision does not constitute a promise altering the at-will employment relationship . . .'"]; Fyall v. ATC/Ancom of South Carolina, No. 04-23086, 2005 WL 2656962, at * 4 (D.S.C. Oct. 18, 2005] [same]; Hessenthaler v. Tri-County Sister Help, Inc., 616 S.E.2d 694, 698 (S.C. 2005), citing McKenzie v. Lunds, Inc., 63 F.Supp.2d 986, 1003 (D.Minn. 1999) and Cherella v. Phoenix Technologies, Ltd., 586 N.E.2d 29, 31 (Mass. 1992); King v. Marriott Int'l., Inc., 520 F.Supp.2d 748, 756 (D.S.C. 2007)[Finding that the Defendant's promise that "there will be no discrimination or



recrimination against an employee who asserts a complaint against [the defendant] does not create an expectation that employment is guaranteed or that a particular process must be complied with before an employee is terminated"] (internal quotations omitted); Frasier v. Verizon Wireless, C.A., No. 08-356, 2008 WL 724037, at * 2 (D.S.C. Mar. 17, 2008). Rather, Plaintiff needs to show that she and the Defendant entered into mandatory and binding terms for her employment such as a definite term of employment, buyout provisions, right to severance pay, and other such indices of a contract of employment. Cf. Wadford, No. 87-2872, 1988 WL 492127 at *5 ["A review of the relevant authorities... reveals that a policy or representation must limit the duration of employment or the employer's right to terminate employment in order to alter at-will status. Other terms and conditions of employment, including pay, benefits, job duties, or location of performance may be changed prospectively by either party without violating an employment contract with an indefinite term."]. No allegations sufficient to meet this standard are contained in the Complaint.

In sum, the undersigned has both reviewed the handbook language cited by Plaintiff in her Complaint as well as undertaken an independent review of Plaintiff's Attachment A [Employee Handbook], and does not find any language sufficient to establish a plausible claim that Plaintiff had a "contract" of employment by virtue of this handbook. Cf. Small v. Springs Industries, Inc., 357 S.E.2d 452, 455 (S.C. 1987)[only policy drafted in sufficiently mandatory terms may serve to alter at-will employment status]; Grant, 634 S.E.2d at 21-22; Storms v. Goodyear Tire & Rubber Co., 775 F.Supp. 862, 867 (D.S.C. 1991) [noting that language cited by the employee was "not couched in mandatory terms and [did] not contain language that specifically [limited] the employer's right to demote or terminate [the Plaintiff] without cause"]; Horton v. Darby Electric Co., Inc., 599 S.E.2d 456, 460-461 (S.C. 2004) [Manual containing progressive disciplinary procedure did not alter



employee's at-will status]. Additionally, Plaintiff has filed no opposition to Defendant's motion with the Court and has failed to set forth any arguments to counter the Defendant's grounds for dismissal of this cause of action, or to otherwise justify the maintenance of her breach of contract claim. Therefore, the Defendant is entitled to dismissal of this cause of action.  Amazon v. PK Management, LLC, 2011 WL 1100169, at * 6 (D.S.C. Mar. 23, 2011); cf. Williams v. Intier Automotive Interiors of America, Inc., No. 09-1144, 2010 WL 5811848 (D.S.C. Nov. 5 2010); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"].

For the reasons set forth hereinabove, it is recommended that the Defendant's motion to dismiss Plaintiff's Fourth Cause of Action for breach of an employment contract be **granted.** Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 27, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

